NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NING XIANHUA,

Plaintiff-Appellant,

v.

OATH HOLDINGS, INC., DBA Yahoo!
Inc., and as successor in interest to Yahoo!
Inc.; ALTABA INC., FKA Yahoo! Inc., and
as successor in interest to Yahoo! Inc.;
TERRY SEMEL; JERRY YANG,

Defendants-Appellees.

No.   22-15700

D.C. No. 4:20-cv-06185-HSG

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted February 8, 2023
San Francisco, California

Before:  McKEOWN, BYBEE, and BUMATAY, Circuit Judges.

Ning Xianhua appeals the district court's order dismissing his action

asserting claims under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, Torture

Victim Protection Act ("TVPA"), *id.* note § 2(a), and California's unfair

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

competition law ("UCL"), Bus. & Prof. Code § 17200 *et seq.* We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Curry v. Yelp, Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We affirm the district court's dismissal, but on alternative grounds.

While Ning's complaint barely meets the pleading standard, *see* Fed. R. Civ. P. 8, he nevertheless fails to state a claim under any of the statutes against the individual or corporate defendants-appellees.

Ning fails to state a claim under the ATS because he did not allege a permissible extraterritorial application of the Statute. *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 117 (2013). Even assuming aiding-and-abetting conduct is relevant to the extraterritoriality analysis, Ning's complaint fails to plausibly allege relevant conduct within the United States beyond "general corporate activity." *Nestlé USA, Inc. v. Doe*, 141 S. Ct. 1931, 1936–37 (2021).

Ning fails to state a claim under the TVPA because he did not sufficiently allege state action. His complaint fails to plausibly allege that Terry Semel and Jerry Yang acted under actual or apparent authority, or color of law, of the People's Republic of China. *See* 28 U.S.C. § 1350 note § 2(a); *Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453–56, 461 (2012) (holding that only individuals may be liable under the TVPA).

Finally, Ning fails to state a claim under the UCL because he impermissibly seeks nonrestitutionary disgorgement of profits. *Zhang v. Superior Ct.*, 304 P.3d 163, 167–68 (Cal. 2013) ("Restitution under [the UCL] is confined to restoration of any interest in 'money or property, real or personal, which may have been acquired by means of such unfair competition.'"); *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003) ("[D]isgorgement of money obtained through an unfair business practice is an available remedy . . . only to the extent that it constitutes restitution.").

Because Ning fails to state a claim under the ATS, TVPA, or California's UCL, we **AFFIRM** the district court's order dismissing the action.